**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0605-18T1

CORNELIUS VAN ESS
and LUISA VAN ESS,

      Plaintiffs-Appellants,

v.

BOARD OF ADJUSTMENT OF
THE BOROUGH OF TOTOWA,

      Defendant-Respondent.

_____

> Argued October 17, 2019 – Decided October 28, 2019
>
> Before Judges Mayer and Enright.
>
> On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-2732-17.
>
> Michael F. DeMarrais argued the cause for appellants (Alampi & DeMarrais, attorneys; Michael F. DeMarrais and Jennifer Alampi, on the briefs).
>
> Richard Brigliadoro argued the cause for respondent (Weiner Law Group LLP, attorneys; Richard Brigliadoro, of counsel and on the brief; Ronald D. Cucchiaro, on the brief).

PER CURIAM

Plaintiffs, Cornelius Van Ess and Luisa Van Ess, appeal from an order which affirmed the denial of variances by defendant Borough of Totowa Zoning Board of Adjustment (Board). We affirm, substantially for the reasons set forth in the comprehensive written opinion of Judge Ernest M. Caposela.

Plaintiffs reside in a single-family home in the Borough of Totowa (Borough) located in the R-7 Single Family Residential Zone District (R-7 Zone). Mr. Van Ess is a retired police officer and Vietnam veteran who is totally and permanently disabled as a result of injuries sustained during his military and police careers. On January 9, 2017, plaintiffs received notice from the Borough Zoning Department directing them to correct their non-conforming 540-foot asphalt parking area on their front lawn. This notice led plaintiffs to apply to the Board for variances to retain their existing driveway expansion.

A hearing was held before the Board in June 2017, during which Mr. Van Ess testified that his injuries affected his ability to walk and caused him permanent pain. Mr. Van Ess affirmed he used a "roller" to walk long distances, and needed a cane for shorter walks. Mr. Van Ess further testified that the first floor of his home was converted into a handicap-accessible living area and that

he spends eighty-five percent of his time in his bedroom due to his difficulty in navigating stairs.

To accommodate his disability, Mr. Van Ess testified that he engaged a contractor to install a driveway expansion large enough for at least two cars, and "possibly three," near the front door of his home. Mr. Van Ess paved a portion of his front yard for his "personal convenience [because] it was much . . . easier for [him] to get closer to the house and get in and out of the house." He added that by creating the driveway expansion, he only had to walk up one nine-inch step and one four-inch "lip" until he could install a handicap-accessible ramp. Additionally, he testified that the front entrance to his home is the only entrance to his first-floor handicap-accessible living area.

The expanded driveway was completed without plaintiffs obtaining the necessary approval from the Board. Plaintiffs also previously converted their two-car garage into a living space without receiving the proper approval. This conversion eliminated two parking spots on their property.

During the hearing, a licensed professional planner testified on behalf of plaintiffs in support of variance relief. The planner testified that plaintiffs' home sits on an irregular, "wedge-shaped" parcel in relation to the rest of the neighborhood. Explaining the need for variance relief, the planner advised that

plaintiffs sought a variance for a front yard setback, "which requires that no required parking space shall be located closer to a street line than the minimum depth of the front yard . . . and that would be [twenty-five] feet."[1] The planner also clarified that plaintiffs needed a second variance because the zoning ordinance required that "no driveway or parking area shall be installed within the front or rear yard, other than that which provides access to a garage or an approved parking area." The planner opined that both variances should be granted due to Mr. Van Ess's disability since there was no other location on the property to reasonably accommodate a driveway expansion. The expansion was not a detriment to the public good since plaintiffs would be maintaining parking on site and not "overhanging" the sidewalk with their cars.

The Board denied plaintiffs' variance application, finding that if plaintiffs had not previously eliminated the two-car garage, Mr. Van Ess would have been able to park his car in the garage to allow access to his living area. The Board also stated Mr. Van Ess could park his car in the original driveway, as it is a "short distance to enter the front door of the dwelling." The Board deemed the distance between accessing the dwelling from the existing driveway versus the

---

[1] The record reflects plaintiffs' home is set back nineteen feet from the street line.

 A-0605-18T1

new expansion of the driveway to be a "de minimis difference."  Additionally, the Board questioned the need for two parking spaces in the front yard when only Mr. Van Ess sought an accommodation for his disability.

Citing Kaufman v. Planning Board for Twp. of Warren, 110 N.J. 551, 563 (1988) and N.J.S.A. 40:55D-2, the Board found plaintiffs' application did not represent a better zoning alternative for the property and variances could not be granted without substantial detriment to the public good.  Moreover, it concluded plaintiffs used Mr. Van Ess's disability as a pretext to add additional on-site parking for other family members who lived in the home.  Further, while the Board recognized Mr. Van Ess's disability, it determined that under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 to 12213, as well as the Fair Housing Amendments Act of 1988 (FHAA), 42 U.S.C. §§ 3601 to 3619, plaintiffs had the burden to show that a requested accommodation was needed to give Mr. Van Ess an equal opportunity to use and enjoy his housing. The Board recognized that, thereafter, the burden shifts to it to show that the requested accommodation is unreasonable. 42 U.S.C. § 3604(F)(3).  Ultimately, the Board found plaintiffs had not satisfied the statutory positive or negative criteria warranting variance relief and that the requested accommodation was unreasonable.

A-0605-18T1

Plaintiffs subsequently filed a complaint in lieu of prerogative writs, seeking a reversal of the Board's decision and challenging the Board's failure to reasonably accommodate Mr. Van Ess's disability. During the proceedings, Judge Caposela acknowledged Mr. Van Ess's disability, but expressed concern that the "handicapped parking area appear[ed] to be wider than what might be necessary to just accommodate [Mr. Van Ess's] van." In his August 30, 2018 opinion, the judge affirmed the Board's denial of plaintiffs' application, noting plaintiffs created their parking issue by previously converting their two-car garage into a living space and then paving a large area of their front lawn without prior approval from the Board. The judge found plaintiffs "built the garage living space and the parking area without giving the Borough an opportunity to consider a reasonable legal accommodation."

Plaintiffs raise the following arguments on appeal: (1) the ADA and the FHAA preempt local zoning laws; (2) the lower court applied the wrong legal standard in upholding the Board's decision; and (3) plaintiffs are entitled to counsel fees. We disagree.

We review a zoning board's decision using the same standard as the trial court, Cohen v. Bd. of Adjustment of the Borough of Rumson, 396 N.J. Super. 608, 614-15 (App. Div. 2007), and, like the trial court, our review is limited.

6

Smart SMR of N.Y., Inc. v. Borough of Fair Lawn Bd. of Adjustment, 152 N.J. 309, 327 (1998). We give deference to a zoning board's decision and will only reverse if the decision was arbitrary, capricious or unreasonable. Kane Properties, LLC v. City of Hoboken, 214 N.J. 199, 229 (2013). However, where the issue on appeal involves a purely legal question, we afford no special deference to the trial court's or the zoning board's decision, and must determine if the board understood and applied the law correctly. D. Lobi Enters., Inc. v. Planning/Zoning Bd. of the Borough of Sea Bright, 408 N.J. Super. 345, 351-52 (App. Div. 2009).

In affording deference to a zoning board, a reviewing court may not substitute its judgment for that of the municipal body. Kramer v. Bd. of Adjustment, 45 N.J. 268, 296-97 (1965). As Justice Long emphasized in Jock v. Zoning Bd. of Adjustment:

> In the final analysis . . . public bodies, because of their peculiar knowledge of local conditions, must be allowed wide latitude in their delegated discretion. The proper scope of judicial review is not to suggest a decision that may be better than the one made by the board, but to determine whether the board could reasonably have reached its decision on the record.
>
> [184 N.J. 562, 597 (2004) (citations omitted).]

A-0605-18T1

Consistent with this jurisprudential policy of deference to a local board's peculiar knowledge of local conditions, "[a] court should sustain a local zoning board's determination to grant a zoning variance if that board's decision comports with the statutory criteria and is founded on adequate evidence [in the record.]" Burbridge v. Mine Hill, 171 N.J. 376 (1990).  We give even greater deference to a planning board's decision to deny a variance.  Nextel of New York, Inc. v. Borough of Englewood Cliffs Bd. of Adjustment, 361 N.J. Super. 22, 38 (App. Div. 2003) (citing Northeast Towers, Inc. v. Zoning Bd. of Adjustment for W. Paterson, 327 N.J. Super. 476, 494 (App. Div. 2000)); Med. Ctr. at Princeton v. Twp. of Princeton Zoning Bd. of Adjustment, 343 N.J. Super. 177, 199 (App. Div. 2001).   "That heavier burden requires the proponent of the denied variance to prove that the evidence before the board was 'overwhelmingly in favor of the applicant.'"  Nextel of New York, Inc., 361 N.J. Super. at 38 (quoting Northeast Towers, 327 N.J. Super. at 494).

"A board acts arbitrarily, capriciously, or unreasonably if its findings of fact in support of [its decision] are not supported by the record, or if it usurps power reserved to the municipal governing body or another duly authorized municipal official."  Ten Stary Dom P'ship v. Mauro, 216 N.J. 16, 33 (2013) (citations omitted) (first citing Smart SMR of N.Y., Inc. v. Fair Lawn Bd. of

Adjustment, 152 N.J. at 327; then citing Leimann v. Bd. of Adjustment, 9 N.J. 336, 340 (1952)).

Applying the above standards, we discern no reason to disturb the decisions of the trial court or the Board and affirm substantially for the reasons expressed in Judge Caposela's cogent written opinion. In particular, we find no error in Judge Caposela's conclusion that "[a] review of the [variance hearing] transcript and of the zoning ordinances and the zoning laws shows an absence of any intentional discrimination by the defendant or discriminatory impact, particularly because the Borough is not refusing to make a reasonable accommodation."

Plaintiffs' remaining arguments lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0605-18T1